Anthony J. Carucci (#301923)
acarucci@swlaw.com
Justin F. Mello (#329514)
jmello@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799

Attorneys for Plaintiff
BIHQ Pte Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIHQ PTE LTD., a Singapore private limited company, <br><br> Plaintiff, <br><br> v. <br><br> ALO, LLC dba ALO YOGA, a California limited liability company; COLOR IMAGE APPAREL, INC., a California corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. <br><br> **BIHQ Pte Ltd.'s Complaint for Breach of Contract and Account Stated** |

Plaintiff BIHQ Pte Ltd. ("BIHQ") alleges as follows:

## **NATURE OF ACTION**

1. This is an action by BIHQ against Alo, LLC dba Alo Yoga ("Alo Yoga") and Color Image Apparel, Inc. ("Color Image") (collectively, "Alo") to collect nearly four million dollars that remains unpaid for clothing manufactured by BIHQ and delivered to and accepted by Alo. Starting in or around August 2022, and despite Alo's success as a global activewear brand, Alo inexplicably stopped paying BIHQ on 180 contracts for clothing as they became due, despite the fact that Alo was continuing to demand that BIHQ meet all applicable delivery schedules on

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

existing orders. It is undisputed that BIHQ has provided the product that Alo ordered, and that Alo has accepted and is in possession of the product. Alo has simply refused to pay. Accordingly, BIHQ brings this lawsuit to recover any and all damages stemming from Alo's unlawful conduct, in an amount equal to no less than $3,791,599.19.

## PARTIES

1.      BIHQ is a private limited company organized and existing under the laws of Singapore, with its principal place of business in Singapore. BIHQ specializes in manufacturing a variety of products and clothing for leading activewear brands across the world.

2.      Alo Yoga is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 9830 Wilshire Blvd., Beverly Hills, California 90212. Alo Yoga is a celebrity favorite, global brand of activewear that sells its products directly to end-user customers and through other retail outlets and department stores.

3.      Color Image is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 9830 Wilshire Blvd., Beverly Hills, California 90212. Based upon the latest public filing with the California Secretary of State's office, BIHQ is informed and believes, and on that basis alleges, that Color Image is a holding company.

4.      BIHQ is informed and believes, and on that basis alleges, that at all times relevant herein, each of the above-named defendants completely dominated and controlled one another, such that they are one and the same—Alo Yoga and Color Image are controlled by the same people and their businesses are not operated distinctly from one another. Indeed, Color Image is publicly labeled as merely a holding company, and maintains its principal place of business at the same location as Alo Yoga. That control and dominance results in interdependence, overlap, and commonality between and amongst these defendants, and each of these defendants

are the alter ego of one another acting as a single enterprise. For these reasons and others, adherence to the fiction of the separate existence of defendants would sanction a fraud and promote injustice. Alo Yoga and Color Image are the alter egos of one another, acting as a single enterprise, and each is fully responsible and liable for all obligations and debts of each other, including the claims asserted herein by BIHQ.

5.     Does 1-10 are persons or entities responsible, in whole or in part, for the wrongdoing alleged herein ("Doe Defendants"). BIHQ is informed and believes, and based thereon, alleges that each of the Doe Defendants participated in, assisted, endorsed, or was otherwise involved in the acts complained hereof, and that they have liability for such acts. BIHQ will amend this Complaint if, and when, the identities and details of involvement of such persons or entities becomes known.

## JURISDICTION AND VENUE

6.     The Court has original jurisdiction of the subject matter of this action under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states, where the matter in controversy exceeds $75,000, exclusive of costs and interest.

7.     The Court has personal jurisdiction over Alo because Alo is a California limited liability company that maintains its principal place of business in Los Angeles, California. The parties also entered into the applicable contracts, in part, in California, performed the contracts, in part, in California, and BIHQ has suffered damages in California.

8.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred within this judicial district. Specifically, the contracts that are the subject of this action were entered into and were to be performed, in part, in Los Angeles County, California. Venue is also proper under 28 U.S.C. § 1391(b)(1) because Alo is headquartered in

BIHQ'S COMPLAINT

this judicial district.

## **GENERAL ALLEGATIONS**

### **BIHQ Provides Alo with Manufacturing Services for Years**

9.      Beginning in or about 2018, BIHQ and Alo began a fruitful business relationship when BIHQ began manufacturing clothing for Alo. For about two years, the relationship was very cordial, and business between the parties grew.

10.      From the outset, contracts between the parties were agreed upon and memorialized in invoices in one of two ways, depending on whether the order was for sample product or a bulk order of product. In both cases, however, each contract was only entered into after a lengthy, deliberate, and collaborative back-and-forth process between the parties addressing a number of details and variables regarding the purchase orders that became part of the contract.

11.      Contracts between the parties for sample product orders were entered into as follows:

(a)      Alo initiates a sample product order by providing BIHQ with a technical pack of materials. This pack of materials includes the Bill of Material, garment specifications, and garment sketch.

(b)      Alo's Bill of Material nominates fabric suppliers for the product at issue, leaving only a few generic materials to be sourced by BIHQ. Any fabric quality issues or color approvals for a sample order (before any bulk orders are placed for the same clothing) are addressed directly between Alo and the suppliers it nominated in the Bill of Material.

(c)      BIHQ manufactures prototype samples, including size set samples, which are manufactured and shipped to Alo at no cost to Alo.

(d)      After the rounds of prototype samples are complete and approved by Alo, BIHQ manufactures salesman samples, pre-production samples, and top of production samples. BIHQ typically manufactures approximately twenty pieces across the stages of sample development, with the exception of salesman

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    samples that are dependent on the number ordered by Alo.

2              (e)    All samples manufactured after the prototype samples are

3    delivered to Alo pursuant to a final invoice generated for the shipment of product

4    and services rendered, which generally covers numerous purchase orders for

5    product, and which represents the contract between the parties as to those purchase

6    orders.

7        12.    Contracts between the parties for bulk product orders were entered into

8    as follows:

9              (a)    Alo initiates a bulk order for product (which comes after product

10   has already been developed with BIHQ through sample product orders) by e-

11   mailing BIHQ with a summary of the bulk order.

12             (b)    BIHQ begins to work with Alo's nominated fabric suppliers on

13   fabric availability to fulfill Alo's order.

14             (c)    Alo then e-mails BIHQ a list of purchase orders for the bulk

15   order, which BIHQ downloads from Alo's website portal.

16             (d)    After reviewing the purchase orders, BIHQ quotes a garment

17   delivery date to Alo.

18             (e)    Alo reviews the proposed delivery dates, and if agreeable,

19   amends the purchase orders with the updated information.

20             (f)    BIHQ then issues purchase orders to fabric suppliers.

21             (g)    Fabric suppliers then provide BIHQ with materials, which are

22   checked for quality by the fabric suppliers in accordance with Alo's quality manual

23   before being sent to BIHQ (in addition to the fabric suppliers' obligation to submit

24   quality-related reports to Alo pursuant to Alo's Inspection Manual). BIHQ's typical

25   practice is to conduct a random check of at least 10% of the fabric received to

26   check for defects (e.g., holes, missing yarn, color streaks, etc.). If BIHQ discovers

27   additional quality issues from its random check, then it informs the fabric supplier

28   accordingly. Once the materials have passed any quality-related inspections

BIHQ'S COMPLAINT

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

pursuant to the agreements between Alo and its nominated fabric suppliers, and after removing any defective fabric as a result of BIHQ's random check, BIHQ uses the materials to manufacture the product that is the subject of Alo's order. If there are issues regarding the timing of delivery from fabric suppliers or quality issues with the material received from fabric suppliers resulting from BIHQ's random checks, then BIHQ may update garment delivery and quantity for Alo, after which Alo then updates the purchase order accordingly, including any changes to the method of shipment.

(h)     Completed product is inspected for quality either by BIHQ's in-house quality inspectors (during COVID-19 lockdowns), or, more often, by a third-party company designated and retained by Alo, and then shipped to Alo.

(i)     A final invoice is generated for shipment of product and services rendered, which generally covers numerous purchase orders for product, and which represents the contract between the parties as to those purchase orders.

13.     Regardless of whether the parties were entering into a contract for a sample product order or a bulk product order, the method of shipment was always addressed in Alo's purchase order since the parties' relationship began in 2018. The parties typically used three methods to transport BIHQ's finished goods to Alo: Air Freight, Sea Freight, and Air Vendor. Whenever Alo chose Air Freight or Sea Freight, Alo bore the costs of shipment. Whenever Alo chose Air Vendor, BIHQ bore the costs of shipment. In some cases, Alo would issue a revised purchase order to change the method of shipment due to expected delays ranging from material issues to approval issues.

14.     As was common practice between the parties, and in the industry, orders were typically placed four to five months before ultimate delivery to allow sufficient time for each of the steps in the processes described in paragraphs 11 and 12 to be completed.

///

BIHQ'S COMPLAINT

**BIHQ's Relationship with Alo Sours**

15.    In or around April 2020, Alo requested that BIHQ extend credit terms on its contracts to 45 days—instead of the agreed-upon 30 days—for six months. BIHQ agreed to this modification as a continued showing of good faith in the parties' business relationship. Indeed, BIHQ maintained the amended credit terms well beyond the agreed six months, through each of the unpaid invoices at issue.

16.    In or around August 2021, Alo began raising concerns regarding the quality of the garments produced by BIHQ that were caused by quality issues arising from fabrics BIHQ received from Alo's nominated fabric suppliers. Rather than identifying and nominating new fabric suppliers, however, Alo requested that BIHQ implement additional stringent quality control processes on Alo's behalf in assessing the materials received by Alo's chosen fabric suppliers. Despite the fact that Alo's request deviated from normal practices, BIHQ implemented the additional processes in or around September 2021, incurring significant additional costs as a result that Alo has not compensated BIHQ for. At no time, however, did BIHQ accept or assume responsibility for quality issues from Alo's nominated fabric suppliers. Nor did BIHQ's additional quality control processes replace the third-party final inspections that took place for every order before being shipped to Alo.

17.    In or around October 2021, after BIHQ implemented additional quality control processes, Alo's Vice President of Product Development and Supply Chain, Jessica Roberti, indicated on multiple occasions that Alo intended to increase its orders with BIHQ by up to 85%, validating BIHQ's performance and capabilities.

18.    Despite the implementation of additional quality control processes, Alo's fabric suppliers continued to have increasing quality issues in the fall of 2021. These quality issues were further exacerbated when Alo began tightening its color control and quality checks well beyond industry standards. The combination of issues from the fabric suppliers and the additional quality control processes

BIHQ'S COMPLAINT

implemented at BIHQ caused major disruptions and losses for BIHQ at its garment factory.

19.     Between approximately March and May 2022, and amidst the backdrop of the ongoing quality issues from Alo's fabric suppliers, BIHQ and Alo began discussions for capacity and order placement for the Holiday 2022 and Spring 2023 seasons. During these discussions, Alo expressed interest in reserving more capacity at BIHQ's garment factory than was originally reserved for the Holiday 2022 season, and Alo ended up placing orders for the full amount of reserved capacity for the Holiday 2022 season. Then, in or around July 2022, BIHQ unexpectedly noticed a huge order reduction from Alo for the Spring 2023 season. This drastic reduction in orders occurred despite BIHQ's herculean efforts to meet Alo's unreasonable demands regarding quality control that were caused by Alo's own nominated fabric suppliers.

20.     On at least three separate occasions in August 2022, and because BIHQ had reserved capacity at its garment factory for Alo, BIHQ asked Alo to confirm the anticipated volume of orders to be delivered for Spring 2023. On or about September 5, 2022, and despite BIHQ's extraordinary efforts to assist Alo with the quality issues arising from Alo's nominated fabric suppliers, Ms. Roberti informed BIHQ that Alo intended to cease placing any orders with BIHQ "for a few seasons."

21.     In or around October 2022, Alo stopped making payments to BIHQ, despite numerous overdue obligations and orders that were in the process of being fulfilled. In response to BIHQ's repeated demands for payment, Ms. Roberti repeatedly claimed that she needed time to validate and verify orders.

22.     Alo's last payment came on October 12, 2022, in the amount of $282,258.00. Since that time, BIHQ has demanded payment on no less than 17 separate occasions, by delivering an updated statement of account, on the following dates: October 13, 2022, October 18, 2022, October 26, 2022, November 2, 2022,

November 8, 2022, November 16, 2022, November 24, 2022, December 1, 2022, December 8, 2022, December 15, 2022, December 22, 2022, December 29, 2022, January 5, 2023, January 12, 2023, January 19, 2023, February 2, 2023, and February 9, 2023. Despite these repeated demands for payment, Alo has failed and refused to pay for no less than 180 invoices for product that has been delivered to and accepted by Alo, in the amount of no less than $3,791,599.19.[1]

**Alo Breaches 180 Contracts**

23.     On or about July 19, 2022, BIHQ generated and delivered an invoice to Alo for three purchase orders of clothing ("Invoice #1"). BIHQ delivered the order on or about July 22, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #1. Pursuant to Invoice #1, Alo owed BIHQ $28,924.66 for 2,110 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #1 is attached hereto as **Exhibit 1**, and incorporated herein as if set forth in full.

24.     On or about July 21, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #2"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #2. Pursuant to Invoice #2, Alo owed BIHQ $950.08 for samples of 18 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #2 is attached hereto as **Exhibit 2**, and incorporated herein as if set forth in full.

25.     On or about July 27, 2022, BIHQ generated and delivered an invoice to Alo for five purchase orders of clothing ("Invoice #3"). BIHQ delivered the order on or about July 30, 2022. Alo accepted and received the order and the

---

[1] Aside from Alo's payment of $282,258.00, which reduced the balance owed on the 180 unpaid invoices, BIHQ also credited Alo for $1,879.20 and $846.00 during the relevant time period to resolve several disputes. $3,791,599.19 is therefore the amount that remains due and owing on the 180 unpaid invoices after accounting for the $282,258.00 payment and the credits for $1,879.20 and $846.00.

BIHQ'S COMPLAINT

clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #3. Pursuant to Invoice #3, Alo owed BIHQ $115,803.04 for 5,539 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #3 is attached hereto as **Exhibit 3**, and incorporated herein as if set forth in full.

26. On or about July 27, 2022, BIHQ generated and delivered an invoice to Alo for 22 purchase orders of clothing ("Invoice #4"). BIHQ delivered the order on or about July 30, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #4. Pursuant to Invoice #4, Alo owed BIHQ $85,514.92 for 5,113 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #4 is attached hereto as **Exhibit 4**, and incorporated herein as if set forth in full.

27. On or about August 5, 2022, BIHQ generated and delivered an invoice to Alo for three purchase orders of clothing ("Invoice #5"). BIHQ delivered the order on or about August 12, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #5. Pursuant to Invoice #5, Alo owed BIHQ $51,387.25 for 4,896 articles of clothing. The remaining balance on Invoice #5 is $20,605.20. A true and correct copy of Invoice #5 is attached hereto as **Exhibit 5**, and incorporated herein as if set forth in full.

28. On or about August 8, 2022, BIHQ generated and delivered an invoice to Alo for seven purchase orders of clothing ("Invoice #6"). BIHQ delivered the order on or about August 9, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #6. Pursuant to Invoice #6, Alo owed BIHQ $2,107.28 for 170 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #6 is attached hereto as **Exhibit 6**,

1  and incorporated herein as if set forth in full.

2      29.    On or about August 8, 2022, BIHQ generated and delivered an invoice

3  to Alo for two purchase orders of clothing ("Invoice #7"). BIHQ delivered the order

4  on or about August 12, 2022. Alo accepted and received the order and the clothing

5  that is the subject of the order. As agreed by the parties, payment was due 45 days

6  from the date of Invoice #7. Pursuant to Invoice #7, Alo owed BIHQ $71,577.88

7  for 4,368 articles of clothing. Despite demand, this amount remains due and owing.

8  A true and correct copy of Invoice #7 is attached hereto as **Exhibit 7**, and

9  incorporated herein as if set forth in full.

10      30.    On or about August 8, 2022, BIHQ generated and delivered an invoice

11  to Alo for four purchase orders of clothing ("Invoice #8"). BIHQ delivered the

12  order on or about August 11, 2022. Alo accepted and received the order and the

13  clothing that is the subject of the order. As agreed by the parties, payment was due

14  45 days from the date of Invoice #8. Pursuant to Invoice #8, Alo owed BIHQ

15  $37,931.92 for 2,734 articles of clothing. Despite demand, this amount remains due

16  and owing. A true and correct copy of Invoice #8 is attached hereto as **Exhibit 8**,

17  and incorporated herein as if set forth in full.

18      31.    On or about August 8, 2022, BIHQ generated and delivered an invoice

19  to Alo for one purchase order of clothing ("Invoice #9"). BIHQ delivered the order

20  on or about August 12, 2022. Alo accepted and received the order and the clothing

21  that is the subject of the order. As agreed by the parties, payment was due 45 days

22  from the date of Invoice #9. Pursuant to Invoice #9, Alo owed BIHQ $5,704.14 for

23  618 articles of clothing. Despite demand, this amount remains due and owing. A

24  true and correct copy of Invoice #9 is attached hereto as **Exhibit 9**, and

25  incorporated herein as if set forth in full.

26      32.    On or about August 12, 2022, BIHQ generated and delivered an

27  invoice to Alo for two purchase orders of clothing ("Invoice #10"). BIHQ delivered

28  the order on or about August 19, 2022. Alo accepted and received the order and the

BIHQ'S COMPLAINT

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #10. Pursuant to Invoice #10, Alo owed BIHQ $20,671.20 for 1,566 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #10 is attached hereto as **Exhibit 10**, and incorporated herein as if set forth in full.

33.     On or about August 16, 2022, BIHQ generated and delivered an invoice to Alo for 16 purchase orders of clothing ("Invoice #11"). BIHQ delivered the order on or about August 17, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #11. Pursuant to Invoice #11, Alo owed BIHQ $5,940.52 for 373 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #11 is attached hereto as **Exhibit 11**, and incorporated herein as if set forth in full.

34.     On or about August 16, 2022, BIHQ generated and delivered an invoice to Alo for 13 purchase orders of clothing ("Invoice #12"). BIHQ delivered the order on or about August 19, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #12. Pursuant to Invoice #12, Alo owed BIHQ $245,372.60 for 12,046 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #12 is attached hereto as **Exhibit 12**, and incorporated herein as if set forth in full.

35.     On or about August 16, 2022, BIHQ generated and delivered an invoice to Alo for eight purchase orders of clothing ("Invoice #13"). BIHQ delivered the order on or about August 18, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #13. Pursuant to Invoice #13, Alo owed BIHQ $250,404.24 for 17,624 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #13 is attached

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

BIHQ'S COMPLAINT

hereto as **Exhibit 13**, and incorporated herein as if set forth in full.

36.     On or about August 16, 2022, BIHQ generated and delivered an invoice to Alo for 22 purchase orders of clothing ("Invoice #14"). BIHQ delivered the order on or about August 18, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #14. Pursuant to Invoice #14, Alo owed BIHQ $184,162.11 for 11,482 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #14 is attached hereto as **Exhibit 14**, and incorporated herein as if set forth in full.

37.     On or about August 18, 2022, BIHQ generated and delivered an invoice to Alo for an additional freight cost ("Invoice #15"). As agreed by the parties, payment was due 45 days from the date of Invoice #15. Pursuant to Invoice #15, Alo owed BIHQ $10,049.30 for additional freight costs. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #15 is attached hereto as **Exhibit 15**, and incorporated herein as if set forth in full.

38.     On or about August 19, 2022, BIHQ generated and delivered an invoice to Alo for ten purchase orders of clothing ("Invoice #16"). BIHQ delivered the order on or about August 22, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #16. Pursuant to Invoice #16, Alo owed BIHQ $4,890.02 for 379 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #16 is attached hereto as **Exhibit 16**, and incorporated herein as if set forth in full.

39.     On or about August 19, 2022, BIHQ generated and delivered an invoice to Alo for seven purchase orders of clothing ("Invoice #17"). BIHQ delivered the order on or about August 27, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #17. Pursuant to Invoice #17,

BIHQ'S COMPLAINT

Alo owed BIHQ $164,105.16 for 15,334 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #17 is attached hereto as **Exhibit 17**, and incorporated herein as if set forth in full.

40.     On or about August 19, 2022, BIHQ generated and delivered an invoice to Alo for seven purchase orders of clothing ("Invoice #18"). BIHQ delivered the order on or about August 27, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #18. Pursuant to Invoice #18, Alo owed BIHQ $71,877.20 for 6,816 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #18 is attached hereto as **Exhibit 18**, and incorporated herein as if set forth in full.

41.     On or about August 29, 2022, BIHQ generated and delivered an invoice to Alo for one purchase order of clothing ("Invoice #19"). BIHQ delivered the order on or about September 1, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #19. Pursuant to Invoice #19, Alo owed BIHQ $11,589.24 for 897 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #19 is attached hereto as **Exhibit 19**, and incorporated herein as if set forth in full.

42.     On or about September 6, 2022, BIHQ generated and delivered an invoice to Alo for four purchase orders of clothing ("Invoice #20"). BIHQ delivered the order on or about September 7, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #20. Pursuant to Invoice #20, Alo owed BIHQ $682.68 for 46 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #20 is attached hereto as **Exhibit 20**, and incorporated herein as if set forth in full.

///

BIHQ'S COMPLAINT

43.     On or about September 6, 2022, BIHQ generated and delivered an invoice to Alo for three purchase orders of clothing ("Invoice #21"). BIHQ delivered the order on or about September 10, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #21. Pursuant to Invoice #21, Alo owed BIHQ $57,823.75 for 3,925 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #21 is attached hereto as **Exhibit 21**, and incorporated herein as if set forth in full.

44.     On or about September 6, 2022, BIHQ generated and delivered an invoice to Alo for one purchase order of clothing ("Invoice #22"). BIHQ delivered the order on or about September 9, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #22. Pursuant to Invoice #22, Alo owed BIHQ $65,250.77 for 3,611 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #22 is attached hereto as **Exhibit 22**, and incorporated herein as if set forth in full.

45.     On or about September 6, 2022, BIHQ generated and delivered an invoice to Alo for two purchase orders of clothing ("Invoice #23"). BIHQ delivered the order on or about September 10, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #23. Pursuant to Invoice #23, Alo owed BIHQ $61,446.88 for 3,652 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #23 is attached hereto as **Exhibit 23**, and incorporated herein as if set forth in full.

46.     On or about September 6, 2022, BIHQ generated and delivered an invoice to Alo for two purchase orders of clothing ("Invoice #24"). BIHQ delivered the order on or about September 11, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was

due 45 days from the date of Invoice #24. Pursuant to Invoice #24, Alo owed BIHQ $72,452.00 for 4,784 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #24 is attached hereto as **Exhibit 24**, and incorporated herein as if set forth in full.

47.     On or about September 12, 2022, BIHQ generated and delivered an invoice to Alo for 16 purchase orders of clothing ("Invoice #25"). BIHQ delivered the order on or about September 13, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #25. Pursuant to Invoice #25, Alo owed BIHQ $3,245.54 for 193 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #25 is attached hereto as **Exhibit 25**, and incorporated herein as if set forth in full.

48.     On or about September 13, 2022, BIHQ generated and delivered an invoice to Alo for six purchase orders of clothing ("Invoice #26"). BIHQ delivered the order on or about September 15, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #26. Pursuant to Invoice #26, Alo owed BIHQ $99,507.66 for 5,462 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #26 is attached hereto as **Exhibit 26**, and incorporated herein as if set forth in full.

49.     On or about September 13, 2022, BIHQ generated and delivered an invoice to Alo for nine purchase orders of clothing ("Invoice #27"). BIHQ delivered the order on or about September 17, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #27. Pursuant to Invoice #27, Alo owed BIHQ $109,587.91 for 8,535 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #27 is attached hereto as **Exhibit 27**, and incorporated herein as if set forth in full.

BIHQ'S COMPLAINT

50.     On or about September 13, 2022, BIHQ generated and delivered an invoice to Alo for 12 purchase orders of clothing ("Invoice #28"). BIHQ delivered the order on or about September 15, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #28. Pursuant to Invoice #28, Alo owed BIHQ $70,723.18 for 4,884 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #28 is attached hereto as **Exhibit 28**, and incorporated herein as if set forth in full.

51.     On or about September 13, 2022, BIHQ generated and delivered an invoice to Alo for nine purchase orders of clothing ("Invoice #29"). BIHQ delivered the order on or about October 15, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #29. Pursuant to Invoice #29, Alo owed BIHQ $40,240.64 for 2,247 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #29 is attached hereto as **Exhibit 29**, and incorporated herein as if set forth in full.

52.     On or about September 20, 2022, BIHQ generated and delivered an invoice to Alo for eight purchase orders of clothing ("Invoice #30"). BIHQ delivered the order on or about October 15, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #30. Pursuant to Invoice #30, Alo owed BIHQ $68,613.43 for 3,684 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #30 is attached hereto as **Exhibit 30**, and incorporated herein as if set forth in full.

53.     On or about September 20, 2022, BIHQ generated and delivered an invoice to Alo for three purchase orders of clothing ("Invoice #31"). BIHQ delivered the order on or about September 21, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties,

BIHQ'S COMPLAINT

payment was due 45 days from the date of Invoice #31. Pursuant to Invoice #31, Alo owed BIHQ $2,230.80 for 169 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #31 is attached hereto as **Exhibit 31**, and incorporated herein as if set forth in full.

54.    On or about September 20, 2022, BIHQ generated and delivered an invoice to Alo for two purchase orders of clothing ("Invoice #32"). BIHQ delivered the order on or about September 24, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #32. Pursuant to Invoice #32, Alo owed BIHQ $63,109.20 for 4,781 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #32 is attached hereto as **Exhibit 32**, and incorporated herein as if set forth in full.

55.    On or about September 20, 2022, BIHQ generated and delivered an invoice to Alo for two purchase orders of clothing ("Invoice #33"). BIHQ delivered the order on or about September 24, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #33. Pursuant to Invoice #33, Alo owed BIHQ $35,838.00 for 2,715 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #33 is attached hereto as **Exhibit 33**, and incorporated herein as if set forth in full.

56.    On or about September 23, 2022, BIHQ generated and delivered an invoice to Alo for seven purchase orders of clothing ("Invoice #34"). BIHQ delivered the order on or about September 26, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #34. Pursuant to Invoice #34, Alo owed BIHQ $1,456.67 for 112 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #34 is attached hereto as **Exhibit 34**, and incorporated herein as if set forth in full.

BIHQ'S COMPLAINT

57.     On or about September 23, 2022, BIHQ generated and delivered an invoice to Alo for one purchase order of clothing ("Invoice #35"). BIHQ delivered the order on or about September 30, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #35. Pursuant to Invoice #35, Alo owed BIHQ $15,491.74 for 1,051 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #35 is attached hereto as **Exhibit 35**, and incorporated herein as if set forth in full.

58.     On or about September 23, 2022, BIHQ generated and delivered an invoice to Alo for one purchase order of clothing ("Invoice #36"). BIHQ delivered the order on or about September 30, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #36. Pursuant to Invoice #36, Alo owed BIHQ $5,365.36 for 364 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #36 is attached hereto as **Exhibit 36**, and incorporated herein as if set forth in full.

59.     On or about September 26, 2022, BIHQ generated and delivered an invoice to Alo for four purchase orders of clothing ("Invoice #37"). BIHQ delivered the order on or about September 27, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #37. Pursuant to Invoice #37, Alo owed BIHQ $1,006.07 for 109 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #37 is attached hereto as **Exhibit 37**, and incorporated herein as if set forth in full.

60.     On or about September 26, 2022, BIHQ generated and delivered an invoice to Alo for four purchase orders of clothing ("Invoice #38"). BIHQ delivered the order on or about September 29, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was

due 45 days from the date of Invoice #38. Pursuant to Invoice #38, Alo owed BIHQ $99,684.00 for 10,800 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #38 is attached hereto as **Exhibit 38**, and incorporated herein as if set forth in full.

61. On or about September 26, 2022, BIHQ generated and delivered an invoice to Alo for four purchase orders of clothing ("Invoice #39"). BIHQ delivered the order on or about September 29, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #39. Pursuant to Invoice #39, Alo owed BIHQ $59,542.73 for 6,451 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #39 is attached hereto as **Exhibit 39**, and incorporated herein as if set forth in full.

62. On or about September 27, 2022, BIHQ generated and delivered an invoice to Alo for an additional cost related to a change request ("Invoice #40"). As agreed by the parties, payment was due 45 days from the date of Invoice #40. Pursuant to Invoice #40, Alo owed BIHQ $9,691.15. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #40 is attached hereto as **Exhibit 40**, and incorporated herein as if set forth in full.

63. On or about September 27, 2022, BIHQ generated and delivered an invoice to Alo for a fabric surcharge ("Invoice #41"). As agreed by the parties, payment was due 45 days from the date of Invoice #41. Pursuant to Invoice #41, Alo owed BIHQ $1,914.50. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #41 is attached hereto as **Exhibit 41**, and incorporated herein as if set forth in full.

64. On or about September 27, 2022, BIHQ generated and delivered an invoice to Alo for a cancellation cost ("Invoice #42"). As agreed by the parties, payment was due 45 days from the date of Invoice #42. Pursuant to Invoice #42, Alo owed BIHQ $164,069.48. Despite demand, this amount remains due and

owing. A true and correct copy of Invoice #42 is attached hereto as **<u>Exhibit 42</u>**, and incorporated herein as if set forth in full.

65.     On or about September 27, 2022, BIHQ generated and delivered an invoice to Alo for additional material and labor costs ("Invoice #43"). As agreed by the parties, payment was due 45 days from the date of Invoice #43. Pursuant to Invoice #43, Alo owed BIHQ $1,697.82. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #43 is attached hereto as **<u>Exhibit 43</u>**, and incorporated herein as if set forth in full.

66.     On or about September 27, 2022, BIHQ generated and delivered an invoice to Alo for four purchase orders of clothing ("Invoice #44"). BIHQ delivered the order on or about November 9, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #44. Pursuant to Invoice #44, Alo owed BIHQ $33,775.73 for 2,332 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #44 is attached hereto as **<u>Exhibit 44</u>**, and incorporated herein as if set forth in full.

67.     On or about September 27, 2022, BIHQ generated and delivered an invoice to Alo for four purchase orders of clothing ("Invoice #45"). BIHQ delivered the order on or about November 7, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #45. Pursuant to Invoice #45, Alo owed BIHQ $22,325.72 for 1,707 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #45 is attached hereto as **<u>Exhibit 45</u>**, and incorporated herein as if set forth in full.

68.     On or about September 28, 2022, BIHQ generated and delivered an invoice to Alo for a fabric surcharge ("Invoice #46"). As agreed by the parties, payment was due 45 days from the date of Invoice #46. Pursuant to Invoice #46, Alo owed BIHQ $5,125.00. Despite demand, this amount remains due and owing.

BIHQ'S COMPLAINT

A true and correct copy of Invoice #46 is attached hereto as **<u>Exhibit 46</u>**, and incorporated herein as if set forth in full.

69.     On or about September 30, 2022, BIHQ generated and delivered an invoice to Alo for four purchase orders of clothing ("Invoice #47"). BIHQ delivered the order on or about October 3, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #47. Pursuant to Invoice #47, Alo owed BIHQ $1,244.40 for 48 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #47 is attached hereto as **<u>Exhibit 47</u>**, and incorporated herein as if set forth in full.

70.     On or about September 30, 2022, BIHQ generated and delivered an invoice to Alo for nine purchase orders of clothing ("Invoice #48"). BIHQ delivered the order on or about October 6, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #48. Pursuant to Invoice #48, Alo owed BIHQ $141,201.18 for 7,647 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #48 is attached hereto as **<u>Exhibit 48</u>**, and incorporated herein as if set forth in full.

71.     On or about September 30, 2022, BIHQ generated and delivered an invoice to Alo for one purchase order of clothing ("Invoice #49"). BIHQ delivered the order on or about November 9, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #49. Pursuant to Invoice #49, Alo owed BIHQ $24,144.12 for 1,638 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #49 is attached hereto as **<u>Exhibit 49</u>**, and incorporated herein as if set forth in full.

72.     On or about September 30, 2022, BIHQ generated and delivered an invoice to Alo for nine purchase orders of clothing ("Invoice #50"). BIHQ

BIHQ'S COMPLAINT

delivered the order on or about October 4, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #50. Pursuant to Invoice #50, Alo owed BIHQ $57,267.07 for 2,909 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #50 is attached hereto as **Exhibit 50**, and incorporated herein as if set forth in full.

73.     On or about September 30, 2022, BIHQ generated and delivered an invoice to Alo for one purchase order of clothing ("Invoice #51"). BIHQ delivered the order on or about November 14, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #51. Pursuant to Invoice #51, Alo owed BIHQ $5,896.00 for 400 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #51 is attached hereto as **Exhibit 51**, and incorporated herein as if set forth in full.

74.     On or about October 5, 2022, BIHQ generated and delivered an invoice to Alo for 13 purchase orders of clothing ("Invoice #52"). BIHQ delivered the order on or about October 8, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #52. Pursuant to Invoice #52, Alo owed BIHQ $148,589.07 for 8,350 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #52 is attached hereto as **Exhibit 52**, and incorporated herein as if set forth in full.

75.     On or about October 5, 2022, BIHQ generated and delivered an invoice to Alo for 13 purchase orders of clothing ("Invoice #53"). BIHQ delivered the order on or about October 9, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #53. Pursuant to Invoice #53, Alo owed BIHQ $82,872.31 for 4,559 articles of clothing. Despite demand, this amount remains due

and owing. A true and correct copy of Invoice #53 is attached hereto as **Exhibit 53**, and incorporated herein as if set forth in full.

76.     On or about October 5, 2022, BIHQ generated and delivered an invoice to Alo for eight purchase orders of clothing ("Invoice #54"). BIHQ delivered the order on or about November 2, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #54. Pursuant to Invoice #54, Alo owed BIHQ $97,445.43 for 5,255 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #54 is attached hereto as **Exhibit 54**, and incorporated herein as if set forth in full.

77.     On or about October 5, 2022, BIHQ generated and delivered an invoice to Alo for eight purchase orders of clothing ("Invoice #55"). BIHQ delivered the order on or about November 16, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #55. Pursuant to Invoice #55, Alo owed BIHQ $51,011.15 for 2,792 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #55 is attached hereto as **Exhibit 55**, and incorporated herein as if set forth in full.

78.     On or about October 5, 2022, BIHQ generated and delivered an invoice to Alo for one purchase order of clothing ("Invoice #56"). BIHQ delivered the order on or about October 7, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #56. Pursuant to Invoice #56, Alo owed BIHQ $478.04 for 17 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #56 is attached hereto as **Exhibit 56**, and incorporated herein as if set forth in full.

79.     On or about October 6, 2022, BIHQ generated and delivered an invoice to Alo for a fabric surcharge ("Invoice #57"). As agreed by the parties,

payment was due 45 days from the date of Invoice #57. Pursuant to Invoice #57, Alo owed BIHQ $300.00. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #57 is attached hereto as **Exhibit 57**, and incorporated herein as if set forth in full.

80.    On or about October 7, 2022, BIHQ generated and delivered an invoice to Alo for two purchase orders of clothing ("Invoice #58"). BIHQ delivered the order on or about October 12, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #58. Pursuant to Invoice #58, Alo owed BIHQ $800.40 for 45 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #58 is attached hereto as **Exhibit 58**, and incorporated herein as if set forth in full.

81.    On or about October 7, 2022, BIHQ generated and delivered an invoice to Alo for two purchase orders of clothing ("Invoice #59"). BIHQ delivered the order on or about October 15, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #59. Pursuant to Invoice #59, Alo owed BIHQ $52,933.84 for 3,232 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #59 is attached hereto as **Exhibit 59**, and incorporated herein as if set forth in full.

82.    On or about October 7, 2022, BIHQ generated and delivered an invoice to Alo for two purchase orders of clothing ("Invoice #60"). BIHQ delivered the order on or about October 15, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #60. Pursuant to Invoice #60, Alo owed BIHQ $29,971.12 for 1,651 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #60 is attached hereto as **Exhibit 60**, and incorporated herein as if set forth in full.

BIHQ'S COMPLAINT

83.     On or about October 7, 2022, BIHQ generated and delivered an invoice to Alo for three purchase orders of clothing ("Invoice #61"). BIHQ delivered the order on or about October 10, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #61. Pursuant to Invoice #61, Alo owed BIHQ $757.43 for 46 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #61 is attached hereto as **Exhibit 61**, and incorporated herein as if set forth in full.

84.     On or about October 7, 2022, BIHQ generated and delivered an invoice to Alo for one purchase order of clothing ("Invoice #62"). BIHQ delivered the order on or about October 13, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #62. Pursuant to Invoice #62, Alo owed BIHQ $8,228.00 for 400 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #62 is attached hereto as **Exhibit 62**, and incorporated herein as if set forth in full.

85.     On or about October 7, 2022, BIHQ generated and delivered an invoice to Alo for one purchase order of clothing ("Invoice #63"). BIHQ delivered the order on or about November 16, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #63. Pursuant to Invoice #63, Alo owed BIHQ $20,921.28 for 1488 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #63 is attached hereto as **Exhibit 63**, and incorporated herein as if set forth in full.

86.     On or about October 7, 2022, BIHQ generated and delivered an invoice to Alo for one purchase order of clothing ("Invoice #64"). BIHQ delivered the order on or about October 15, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due

45 days from the date of Invoice #64. Pursuant to Invoice #64, Alo owed BIHQ $1,707.31 for 83 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #64 is attached hereto as **Exhibit 64**, and incorporated herein as if set forth in full.

87.     On or about October 7, 2022, BIHQ generated and delivered an invoice to Alo for one purchase order of clothing ("Invoice #65"). BIHQ delivered the order on or about November 20, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #65. Pursuant to Invoice #65, Alo owed BIHQ $9,968.54 for 709 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #65 is attached hereto as **Exhibit 65**, and incorporated herein as if set forth in full.

88.     On or about October 14, 2022, BIHQ generated and delivered an invoice to Alo for an additional freight cost ("Invoice #66"). As agreed by the parties, payment was due 45 days from the date of Invoice #66. Pursuant to Invoice #66, Alo owed BIHQ $1,630.00 for additional freight costs. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #66 is attached hereto as **Exhibit 66**, and incorporated herein as if set forth in full.

89.     On or about October 14, 2022, BIHQ generated and delivered an invoice to Alo for six purchase orders of clothing ("Invoice #67"). BIHQ delivered the order on or about October 17, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #67. Pursuant to Invoice #67, Alo owed BIHQ $1,638.44 for 116 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #67 is attached hereto as **Exhibit 67**, and incorporated herein as if set forth in full.

90.     On or about October 14, 2022, BIHQ generated and delivered an invoice to Alo for four purchase orders of clothing ("Invoice #68"). BIHQ delivered

the order on or about October 19, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #68. Pursuant to Invoice #68, Alo owed BIHQ $63,782.21 for 3,494 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #68 is attached hereto as **Exhibit 68**, and incorporated herein as if set forth in full.

91.     On or about October 14, 2022, BIHQ generated and delivered an invoice to Alo for two purchase orders of clothing ("Invoice #69"). BIHQ delivered the order on or about November 24, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #69. Pursuant to Invoice #69, Alo owed BIHQ $16,956.36 for 1,206 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #69 is attached hereto as **Exhibit 69**, and incorporated herein as if set forth in full.

92.     On or about October 14, 2022, BIHQ generated and delivered an invoice to Alo for five purchase orders of clothing ("Invoice #70"). BIHQ delivered the order on or about October 23, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #70. Pursuant to Invoice #70, Alo owed BIHQ $46,073.11 for 2,404 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #70 is attached hereto as **Exhibit 70**, and incorporated herein as if set forth in full.

93.     On or about October 14, 2022, BIHQ generated and delivered an invoice to Alo for two purchase orders of clothing ("Invoice #71"). BIHQ delivered the order on or about November 30, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #71. Pursuant to Invoice #71, Alo owed BIHQ $16,942.30 for 1,205 articles of clothing. Despite demand, this amount remains due

BIHQ'S COMPLAINT

and owing. A true and correct copy of Invoice #71 is attached hereto as **Exhibit 71**, and incorporated herein as if set forth in full.

94.     On or about October 14, 2022, BIHQ generated and delivered an invoice to Alo for one purchase order of clothing ("Invoice #72"). BIHQ delivered the order on or about October 19, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #72. Pursuant to Invoice #72, Alo owed BIHQ $6,411.36 for 456 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #72 is attached hereto as **Exhibit 72**, and incorporated herein as if set forth in full.

95.     On or about October 17, 2022, BIHQ generated and delivered an invoice to Alo for two purchase orders of clothing ("Invoice #73"). BIHQ delivered the order on or about October 21, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #73. Pursuant to Invoice #73, Alo owed BIHQ $1,209.16 for 43 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #73 is attached hereto as **Exhibit 73**, and incorporated herein as if set forth in full.

96.     On or about October 17, 2022, BIHQ generated and delivered an invoice to Alo for three purchase orders of clothing ("Invoice #74"). BIHQ delivered the order on or about October 21, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #74. Pursuant to Invoice #74, Alo owed BIHQ $63,927.48 for 2,527 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #74 is attached hereto as **Exhibit 74**, and incorporated herein as if set forth in full.

97.     On or about October 17, 2022, BIHQ generated and delivered an invoice to Alo for two purchase orders of clothing ("Invoice #75"). BIHQ delivered

BIHQ'S COMPLAINT

the order on or about October 20, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #75. Pursuant to Invoice #75, Alo owed BIHQ $29,975.92 for 1,066 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #75 is attached hereto as **Exhibit 75**, and incorporated herein as if set forth in full.

98.    On or about October 28, 2022, BIHQ generated and delivered an invoice to Alo for an additional freight cost ("Invoice #76"). As agreed by the parties, payment was due 45 days from the date of Invoice #76. Pursuant to Invoice #76, Alo owed BIHQ $1,278.45 for additional freight costs. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #76 is attached hereto as **Exhibit 76**, and incorporated herein as if set forth in full.

99.    On or about October 31, 2022, BIHQ generated and delivered an invoice to Alo for three purchase orders of clothing ("Invoice #77"). BIHQ delivered the order on or about November 2, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #77. Pursuant to Invoice #77, Alo owed BIHQ $745.18 for 53 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #77 is attached hereto as **Exhibit 77**, and incorporated herein as if set forth in full.

100.    On or about October 31, 2022, BIHQ generated and delivered an invoice to Alo for one purchase order of clothing ("Invoice #78"). BIHQ delivered the order on or about November 7, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #78. Pursuant to Invoice #78, Alo owed BIHQ $22,889.68 for 1,628 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #78 is attached hereto as **Exhibit 78**, and incorporated herein as if set forth in full.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

101.    On or about October 31, 2022, BIHQ generated and delivered an invoice to Alo for one purchase order of clothing ("Invoice #79"). BIHQ delivered the order on or about November 7, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #79. Pursuant to Invoice #79, Alo owed BIHQ $9,926.36 for 706 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #79 is attached hereto as **Exhibit 79**, and incorporated herein as if set forth in full.

102.    On or about October 31, 2022, BIHQ generated and delivered an invoice to Alo for one purchase order of clothing ("Invoice #80"). BIHQ delivered the order on or about November 7, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #80. Pursuant to Invoice #80, Alo owed BIHQ $26,742.12 for 1,902 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #80 is attached hereto as **Exhibit 80**, and incorporated herein as if set forth in full.

103.    On or about October 31, 2022, BIHQ generated and delivered an invoice to Alo for three purchase orders of clothing ("Invoice #81"). BIHQ delivered the order on or about December 9, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #81. Pursuant to Invoice #81, Alo owed BIHQ $80,615.62 for 5,683 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #81 is attached hereto as **Exhibit 81**, and incorporated herein as if set forth in full.

104.    On or about October 31, 2022, BIHQ generated and delivered an invoice to Alo for four purchase orders of clothing ("Invoice #82"). BIHQ delivered the order on or about December 7, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was

BIHQ'S COMPLAINT

due 45 days from the date of Invoice #82. Pursuant to Invoice #82, Alo owed BIHQ $26,585.64 for 1,856 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #82 is attached hereto as **Exhibit 82**, and incorporated herein as if set forth in full.

105.  On or about November 1, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #83"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #83. Pursuant to Invoice #83, Alo owed BIHQ $2,488.70 for samples of 12 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #83 is attached hereto as **Exhibit 83**, and incorporated herein as if set forth in full.

106.  On or about November 1, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #84"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #84. Pursuant to Invoice #84, Alo owed BIHQ $158.92 for samples of six different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #84 is attached hereto as **Exhibit 84**, and incorporated herein as if set forth in full.

107.  On or about November 1, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #85"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #85. Pursuant to Invoice #85, Alo owed BIHQ $925.62 for samples of 29 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #85 is attached hereto as **Exhibit 85**, and incorporated herein as if set forth in full.

BIHQ'S COMPLAINT

108.   On or about November 1, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #86"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #86. Pursuant to Invoice #86, Alo owed BIHQ $3,159.50 for samples of 21 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #86 is attached hereto as **Exhibit 86**, and incorporated herein as if set forth in full.

109.   On or about November 1, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #87"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #87. Pursuant to Invoice #87, Alo owed BIHQ $1,077.80 for samples of 34 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #87 is attached hereto as **Exhibit 87**, and incorporated herein as if set forth in full.

110.   On or about November 1, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #88"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #88. Pursuant to Invoice #88, Alo owed BIHQ $6,501.74 for samples of 47 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #88 is attached hereto as **Exhibit 88**, and incorporated herein as if set forth in full.

111.   On or about November 1, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #89"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #89. Pursuant to Invoice

BIHQ'S COMPLAINT

#89, Alo owed BIHQ $3,899.42 for samples of 18 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #89 is attached hereto as **Exhibit 89**, and incorporated herein as if set forth in full.

112.    On or about November 1, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #90"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #90. Pursuant to Invoice #90, Alo owed BIHQ $1,982.28 for samples of 28 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #90 is attached hereto as **Exhibit 90**, and incorporated herein as if set forth in full.

113.    On or about November 7, 2022, BIHQ generated and delivered an invoice to Alo for one purchase order of clothing ("Invoice #91"). BIHQ delivered the order on or about November 9, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #91. Pursuant to Invoice #91, Alo owed BIHQ $442.20 for 30 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #91 is attached hereto as **Exhibit 91**, and incorporated herein as if set forth in full.

114.    On or about November 7, 2022, BIHQ generated and delivered an invoice to Alo for one purchase order of clothing ("Invoice #92"). BIHQ delivered the order on or about December 15, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #92. Pursuant to Invoice #92, Alo owed BIHQ $7,222.60 for 490 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #92 is attached hereto as **Exhibit 92**, and incorporated herein as if set forth in full.

115.    On or about November 7, 2022, BIHQ generated and delivered an invoice to Alo for one purchase order of clothing ("Invoice #93"). BIHQ delivered the order on or about November 14, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #93. Pursuant to Invoice #93, Alo owed BIHQ $36,626.30 for 2,605 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #93 is attached hereto as **Exhibit 93**, and incorporated herein as if set forth in full.

116.    On or about November 7, 2022, BIHQ generated and delivered an invoice to Alo for two purchase orders of clothing ("Invoice #94"). BIHQ delivered the order on or about December 14, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #94. Pursuant to Invoice #94, Alo owed BIHQ $10,095.68 for 706 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #94 is attached hereto as **Exhibit 94**, and incorporated herein as if set forth in full.

117.    On or about November 9, 2022, BIHQ generated and delivered an invoice to Alo for a fabric surcharge ("Invoice #95"). As agreed by the parties, payment was due 45 days from the date of Invoice #95. Pursuant to Invoice #95, Alo owed BIHQ $18,850.00. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #95 is attached hereto as **Exhibit 95**, and incorporated herein as if set forth in full.

118.    On or about November 11, 2022, BIHQ generated and delivered an invoice to Alo for an additional freight cost ("Invoice #96"). As agreed by the parties, payment was due 45 days from the date of Invoice #96. Pursuant to Invoice #96, Alo owed BIHQ $3,535.65 for additional freight costs. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #96 is attached hereto as **Exhibit 96**, and incorporated herein as if set forth in full.

119.   On or about November 17, 2022, BIHQ generated and delivered an invoice to Alo for nine purchase orders of clothing ("Invoice #97"). BIHQ delivered the order on or about November 20, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #97. Pursuant to Invoice #97, Alo owed BIHQ $4,413.42 for 297 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #97 is attached hereto as **Exhibit 97**, and incorporated herein as if set forth in full.

120.   On or about November 17, 2022, BIHQ generated and delivered an invoice to Alo for three purchase orders of clothing ("Invoice #98"). BIHQ delivered the order on or about December 21, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #98. Pursuant to Invoice #98, Alo owed BIHQ $65,398.86 for 4,401 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #98 is attached hereto as **Exhibit 98**, and incorporated herein as if set forth in full.

121.   On or about November 17, 2022, BIHQ generated and delivered an invoice to Alo for three purchase orders of clothing ("Invoice #99"). BIHQ delivered the order on or about December 29, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #99. Pursuant to Invoice #99, Alo owed BIHQ $44,996.08 for 3,028 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #99 is attached hereto as **Exhibit 99**, and incorporated herein as if set forth in full.

122.   On or about December 1, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #100"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #100. Pursuant to

BIHQ'S COMPLAINT

Invoice #100, Alo owed BIHQ $195.75 for samples of seven different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #100 is attached hereto as **Exhibit 100**, and incorporated herein as if set forth in full.

123.   On or about December 1, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #101"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #101. Pursuant to Invoice #101, Alo owed BIHQ $20.04 for samples of two different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #101 is attached hereto as **Exhibit 101**, and incorporated herein as if set forth in full.

124.   On or about December 1, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #102"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #102. Pursuant to Invoice #102, Alo owed BIHQ $205.86 for samples of five different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #102 is attached hereto as **Exhibit 102**, and incorporated herein as if set forth in full.

125.   On or about December 1, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #103"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #103. Pursuant to Invoice #103, Alo owed BIHQ $55.96 for samples of five different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #103 is attached hereto as **Exhibit 103**, and incorporated herein as if set forth in full.

BIHQ'S COMPLAINT

126.    On or about December 1, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #104"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #104. Pursuant to Invoice #104, Alo owed BIHQ $33.40 for samples of two different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #104 is attached hereto as **Exhibit 104**, and incorporated herein as if set forth in full.

127.    On or about December 1, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #105"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #105. Pursuant to Invoice #105, Alo owed BIHQ $72.56 for samples of four different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #105 is attached hereto as **Exhibit 105**, and incorporated herein as if set forth in full.

128.    On or about December 1, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #106"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #106. Pursuant to Invoice #106, Alo owed BIHQ $75.60 for samples of four different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #106 is attached hereto as **Exhibit 106**, and incorporated herein as if set forth in full.

129.    On or about December 1, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #107"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #107. Pursuant to

BIHQ'S COMPLAINT

Invoice #107, Alo owed BIHQ $76.34 for samples of six different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #107 is attached hereto as **Exhibit 107**, and incorporated herein as if set forth in full.

130.    On or about December 9, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #108"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #108. Pursuant to Invoice #108, Alo owed BIHQ $143.40 for samples of six different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #108 is attached hereto as **Exhibit 108**, and incorporated herein as if set forth in full.

131.    On or about December 9, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #109"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #109. Pursuant to Invoice #109, Alo owed BIHQ $816.98 for samples of six different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #109 is attached hereto as **Exhibit 109**, and incorporated herein as if set forth in full.

132.    On or about December 9, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #110"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #110. Pursuant to Invoice #110, Alo owed BIHQ $73.52 for samples of four different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #110 is attached hereto as **Exhibit 110**, and incorporated herein as if set forth in full.

BIHQ'S COMPLAINT

133.    On or about December 9, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #111"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #111. Pursuant to Invoice #111, Alo owed BIHQ $86.31 for samples of five different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #111 is attached hereto as **Exhibit 111**, and incorporated herein as if set forth in full.

134.    On or about December 9, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #112"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #112. Pursuant to Invoice #112, Alo owed BIHQ $148.38 for samples of four different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #112 is attached hereto as **Exhibit 112**, and incorporated herein as if set forth in full.

135.    On or about December 9, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #113"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #113. Pursuant to Invoice #113, Alo owed BIHQ $101.18 for samples of seven different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #113 is attached hereto as **Exhibit 113**, and incorporated herein as if set forth in full.

136.    On or about December 9, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #114"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #114. Pursuant to

BIHQ'S COMPLAINT

Invoice #114, Alo owed BIHQ $217.02 for samples of seven different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #114 is attached hereto as **Exhibit 114**, and incorporated herein as if set forth in full.

137.    On or about December 9, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #115"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #115. Pursuant to Invoice #115, Alo owed BIHQ $5,626.10 for samples of 50 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #115 is attached hereto as **Exhibit 115**, and incorporated herein as if set forth in full.

138.    On or about December 9, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #116"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #116. Pursuant to Invoice #116, Alo owed BIHQ $3,761.50 for samples of 26 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #116 is attached hereto as **Exhibit 116**, and incorporated herein as if set forth in full.

139.    On or about December 9, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #117"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #117. Pursuant to Invoice #117, Alo owed BIHQ $475.72 for samples of 16 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #117 is attached hereto as **Exhibit 117**, and incorporated herein as if set forth in full.

BIHQ'S COMPLAINT

140.   On or about December 9, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #118"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #118. Pursuant to Invoice #118, Alo owed BIHQ $497.88 for samples of 27 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #118 is attached hereto as **Exhibit 118**, and incorporated herein as if set forth in full.

141.   On or about December 12, 2022, BIHQ generated and delivered an invoice to Alo for an additional freight cost ("Invoice #119"). As agreed by the parties, payment was due 45 days from the date of Invoice #119. Pursuant to Invoice #119, Alo owed BIHQ $1,774.50 for additional freight costs. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #119 is attached hereto as **Exhibit 119**, and incorporated herein as if set forth in full.

142.   On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a fabric surcharge ("Invoice #120"). As agreed by the parties, payment was due 45 days from the date of Invoice #120. Pursuant to Invoice #120, Alo owed BIHQ $1,558.40. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #120 is attached hereto as **Exhibit 120**, and incorporated herein as if set forth in full.

143.   On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a fabric surcharge ("Invoice #121"). As agreed by the parties, payment was due 45 days from the date of Invoice #121. Pursuant to Invoice #121, Alo owed BIHQ $2,986.52. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #121 is attached hereto as **Exhibit 121**, and incorporated herein as if set forth in full.

///

BIHQ'S COMPLAINT

144.   On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a fabric surcharge ("Invoice #122"). As agreed by the parties, payment was due 45 days from the date of Invoice #122. Pursuant to Invoice #122, Alo owed BIHQ $269.47. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #122 is attached hereto as **Exhibit 122**, and incorporated herein as if set forth in full.

145.   On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a fabric surcharge ("Invoice #123"). As agreed by the parties, payment was due 45 days from the date of Invoice #123. Pursuant to Invoice #123, Alo owed BIHQ $56.63. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #123 is attached hereto as **Exhibit 123**, and incorporated herein as if set forth in full.

146.   On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a fabric surcharge ("Invoice #124"). As agreed by the parties, payment was due 45 days from the date of Invoice #124. Pursuant to Invoice #124, Alo owed BIHQ $150.69. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #124 is attached hereto as **Exhibit 124**, and incorporated herein as if set forth in full.

147.   On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #125"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #125. Pursuant to Invoice #125, Alo owed BIHQ $53.57 for samples of four different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #125 is attached hereto as **Exhibit 125**, and incorporated herein as if set forth in full.

148.   On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #126"). Alo accepted and

received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #126. Pursuant to Invoice #126, Alo owed BIHQ $4,540.83 for samples of 32 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #126 is attached hereto as **Exhibit 126**, and incorporated herein as if set forth in full.

149.    On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #127"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #127. Pursuant to Invoice #127, Alo owed BIHQ $3,180.42 for samples of 38 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #127 is attached hereto as **Exhibit 127**, and incorporated herein as if set forth in full.

150.    On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #128"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #128. Pursuant to Invoice #128, Alo owed BIHQ $4,792.16 for samples of 28 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #128 is attached hereto as **Exhibit 128**, and incorporated herein as if set forth in full.

151.    On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #129"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #129. Pursuant to Invoice #129, Alo owed BIHQ $89.60 for samples of four different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct

BIHQ'S COMPLAINT

copy of Invoice #129 is attached hereto as **Exhibit 129**, and incorporated herein as if set forth in full.

152. On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #130"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #130. Pursuant to Invoice #130, Alo owed BIHQ $1,884.12 for samples of ten different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #130 is attached hereto as **Exhibit 130**, and incorporated herein as if set forth in full.

153. On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #131"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #131. Pursuant to Invoice #131, Alo owed BIHQ $2,157.00 for samples of eight different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #131 is attached hereto as **Exhibit 131**, and incorporated herein as if set forth in full.

154. On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #132"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #132. Pursuant to Invoice #132, Alo owed BIHQ $1,851.36 for samples of 30 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #132 is attached hereto as **Exhibit 132**, and incorporated herein as if set forth in full.

155. On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #133"). Alo accepted and

BIHQ'S COMPLAINT

received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #133. Pursuant to Invoice #133, Alo owed BIHQ $674.74 for samples of 52 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #133 is attached hereto as **Exhibit 133**, and incorporated herein as if set forth in full.

156.    On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #134"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #134. Pursuant to Invoice #134, Alo owed BIHQ $1,062.48 for samples of 12 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #134 is attached hereto as **Exhibit 134**, and incorporated herein as if set forth in full.

157.    On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #135"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #135. Pursuant to Invoice #135, Alo owed BIHQ $1,285.28 for samples of 31 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #135 is attached hereto as **Exhibit 135**, and incorporated herein as if set forth in full.

158.    On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #136"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #136. Pursuant to Invoice #136, Alo owed BIHQ $53.43 for samples of four different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct

BIHQ'S COMPLAINT

copy of Invoice #136 is attached hereto as **Exhibit 136**, and incorporated herein as if set forth in full.

159.  On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #137"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #137. Pursuant to Invoice #137, Alo owed BIHQ $640.52 for samples of nine different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #137 is attached hereto as **Exhibit 137**, and incorporated herein as if set forth in full.

160.  On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #138"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #138. Pursuant to Invoice #138, Alo owed BIHQ $3,410.68 for samples of 68 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #138 is attached hereto as **Exhibit 138**, and incorporated herein as if set forth in full.

161.  On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #139"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #139. Pursuant to Invoice #139, Alo owed BIHQ $1,450.56 for samples of 15 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #139 is attached hereto as **Exhibit 139**, and incorporated herein as if set forth in full.

162.  On or about December 19, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #140"). Alo accepted and

BIHQ'S COMPLAINT

received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #140. Pursuant to Invoice #140, Alo owed BIHQ $1,360.76 for samples of 25 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #140 is attached hereto as **Exhibit 140**, and incorporated herein as if set forth in full.

163.    On or about December 21, 2022, BIHQ generated and delivered an invoice to Alo for a fabric surcharge ("Invoice #141"). As agreed by the parties, payment was due 45 days from the date of Invoice #141. Pursuant to Invoice #141, Alo owed BIHQ $3,552.07. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #141 is attached hereto as **Exhibit 141**, and incorporated herein as if set forth in full.

164.    On or about December 22, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #142"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #142. Pursuant to Invoice #142, Alo owed BIHQ $1,092.72 for samples of 21 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #142 is attached hereto as **Exhibit 142**, and incorporated herein as if set forth in full.

165.    On or about December 22, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #143"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #143. Pursuant to Invoice #143, Alo owed BIHQ $983.52 for samples of 14 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #143 is attached hereto as **Exhibit 143**, and incorporated herein as if set forth in full.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

166.    On or about December 22, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #144"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #144. Pursuant to Invoice #144, Alo owed BIHQ $2,265.88 for samples of 36 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #144 is attached hereto as **Exhibit 144**, and incorporated herein as if set forth in full.

167.    On or about December 22, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #145"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #145. Pursuant to Invoice #145, Alo owed BIHQ $553.84 for samples of seven different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #145 is attached hereto as **Exhibit 145**, and incorporated herein as if set forth in full.

168.    On or about December 22, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #146"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #146. Pursuant to Invoice #146, Alo owed BIHQ $1,362.36 for samples of 15 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #146 is attached hereto as **Exhibit 146**, and incorporated herein as if set forth in full.

169.    On or about December 22, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #147"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #147. Pursuant to

BIHQ'S COMPLAINT

Invoice #147, Alo owed BIHQ $1,924.34 for samples of 14 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #147 is attached hereto as **Exhibit 147**, and incorporated herein as if set forth in full.

170.    On or about December 22, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #148"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #148. Pursuant to Invoice #148, Alo owed BIHQ $456.64 for samples of six different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #148 is attached hereto as **Exhibit 148**, and incorporated herein as if set forth in full.

171.    On or about December 22, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #149"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #149. Pursuant to Invoice #149, Alo owed BIHQ $512.96 for samples of eight different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #149 is attached hereto as **Exhibit 149**, and incorporated herein as if set forth in full.

172.    On or about December 22, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #150"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #150. Pursuant to Invoice #150, Alo owed BIHQ $223.56 for samples of three different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #150 is attached hereto as **Exhibit 150**, and incorporated herein as if set forth in full.

BIHQ'S COMPLAINT

173.   On or about December 22, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #151"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #151. Pursuant to Invoice #151, Alo owed BIHQ $284.86 for samples of three different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #151 is attached hereto as **Exhibit 151**, and incorporated herein as if set forth in full.

174.   On or about December 22, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #152"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #152. Pursuant to Invoice #152, Alo owed BIHQ $1,291.28 for samples of 22 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #152 is attached hereto as **Exhibit 152**, and incorporated herein as if set forth in full.

175.   On or about December 22, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #153"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #153. Pursuant to Invoice #153, Alo owed BIHQ $2,944.40 for samples of 59 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #153 is attached hereto as **Exhibit 153**, and incorporated herein as if set forth in full.

176.   On or about December 22, 2022, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #154"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #154. Pursuant to

Invoice #154, Alo owed BIHQ $3,713.88 for samples of 45 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #154 is attached hereto as **Exhibit 154**, and incorporated herein as if set forth in full.

177.   On or about December 29, 2022, BIHQ generated and delivered an invoice to Alo for six purchase orders of clothing ("Invoice #155"). BIHQ delivered the order on or about December 30, 2022. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #155. Pursuant to Invoice #155, Alo owed BIHQ $4,284.28 for 308 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #155 is attached hereto as **Exhibit 155**, and incorporated herein as if set forth in full.

178.   On or about December 30, 2022, BIHQ generated and delivered an invoice to Alo for a fabric surcharge ("Invoice #156"). As agreed by the parties, payment was due 45 days from the date of Invoice #156. Pursuant to Invoice #156, Alo owed BIHQ $50,871.06. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #156 is attached hereto as **Exhibit 156**, and incorporated herein as if set forth in full.

179.   On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for two purchase orders of clothing ("Invoice #157"). BIHQ delivered the order on or about February 8, 2023. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #157. Pursuant to Invoice #157, Alo owed BIHQ $38,377.69 for 2,759 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #157 is attached hereto as **Exhibit 157**, and incorporated herein as if set forth in full.

180.   On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for two purchase orders of clothing ("Invoice #158"). BIHQ delivered the

BIHQ'S COMPLAINT

order on or about February 6, 2023. Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #158. Pursuant to Invoice #158, Alo owed BIHQ $22,840.22 for 1,642 articles of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #158 is attached hereto as **Exhibit 158**, and incorporated herein as if set forth in full.

181.    On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #159"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #159. Pursuant to Invoice #159, Alo owed BIHQ $1,255.84 for samples of 13 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #159 is attached hereto as **Exhibit 159**, and incorporated herein as if set forth in full.

182.    On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #160"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #160. Pursuant to Invoice #160, Alo owed BIHQ $638.00 for samples of 18 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #160 is attached hereto as **Exhibit 160**, and incorporated herein as if set forth in full.

183.    On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #161"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #161. Pursuant to Invoice #161, Alo owed BIHQ $829.64 for samples of seven different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of

BIHQ'S COMPLAINT

Invoice #161 is attached hereto as **<u>Exhibit 161</u>**, and incorporated herein as if set forth in full.

184.    On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #162"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #162. Pursuant to Invoice #162, Alo owed BIHQ $469.05 for samples of 33 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #162 is attached hereto as **<u>Exhibit 162</u>**, and incorporated herein as if set forth in full.

185.    On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #163"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #163. Pursuant to Invoice #163, Alo owed BIHQ $84.08 for samples of five different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #163 is attached hereto as **<u>Exhibit 163</u>**, and incorporated herein as if set forth in full.

186.    On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #164"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #164. Pursuant to Invoice #164, Alo owed BIHQ $441.78 for samples of 33 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #164 is attached hereto as **<u>Exhibit 164</u>**, and incorporated herein as if set forth in full.

187.    On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #165"). Alo accepted and received the

order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #165. Pursuant to Invoice #165, Alo owed BIHQ $37.35 for samples of two different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #165 is attached hereto as **Exhibit 165**, and incorporated herein as if set forth in full.

188.    On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #166"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #166. Pursuant to Invoice #166, Alo owed BIHQ $60.06 for samples of four different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #166 is attached hereto as **Exhibit 166**, and incorporated herein as if set forth in full.

189.    On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #167"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #167. Pursuant to Invoice #167, Alo owed BIHQ $396.29 for samples of 19 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #167 is attached hereto as **Exhibit 167**, and incorporated herein as if set forth in full.

190.    On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #168"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #168. Pursuant to Invoice #168, Alo owed BIHQ $246.44 for samples of six different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice

BIHQ'S COMPLAINT

#168 is attached hereto as **Exhibit 168**, and incorporated herein as if set forth in full.

191.    On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #169"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #169. Pursuant to Invoice #169, Alo owed BIHQ $13.12 for samples of one variety of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #169 is attached hereto as **Exhibit 169**, and incorporated herein as if set forth in full.

192.    On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #170"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #170. Pursuant to Invoice #170, Alo owed BIHQ $28.12 for samples of one variety of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #170 is attached hereto as **Exhibit 170**, and incorporated herein as if set forth in full.

193.    On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #171"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #171. Pursuant to Invoice #171, Alo owed BIHQ $928.92 for samples of 17 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #171 is attached hereto as **Exhibit 171**, and incorporated herein as if set forth in full.

194.    On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #172"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #172. Pursuant to Invoice #172,

Alo owed BIHQ $72.55 for samples of seven different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #172 is attached hereto as **Exhibit 172**, and incorporated herein as if set forth in full.

195.   On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #173"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #173. Pursuant to Invoice #173, Alo owed BIHQ $178.34 for samples of 14 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #173 is attached hereto as **Exhibit 173**, and incorporated herein as if set forth in full.

196.   On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #174"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #174. Pursuant to Invoice #174, Alo owed BIHQ $162.12 for samples of two different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #174 is attached hereto as **Exhibit 174**, and incorporated herein as if set forth in full.

197.   On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #175"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #175. Pursuant to Invoice #175, Alo owed BIHQ $214.07 for samples of 16 different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #175 is attached hereto as **Exhibit 175**, and incorporated herein as if set forth in full.

BIHQ'S COMPLAINT

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

198.   On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #176"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #176. Pursuant to Invoice #176, Alo owed BIHQ $35.55 for samples of three different varieties of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #176 is attached hereto as **Exhibit 176**, and incorporated herein as if set forth in full.

199.   On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #177"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #177. Pursuant to Invoice #177, Alo owed BIHQ $14.86 for samples of one variety of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #177 is attached hereto as **Exhibit 177**, and incorporated herein as if set forth in full.

200.   On or about January 3, 2023, BIHQ generated and delivered an invoice to Alo for a sample product order ("Invoice #178"). Alo accepted and received the order and the clothing that is the subject of the order. As agreed by the parties, payment was due 45 days from the date of Invoice #178. Pursuant to Invoice #178, Alo owed BIHQ $13.91 for samples of one variety of clothing. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #178 is attached hereto as **Exhibit 178**, and incorporated herein as if set forth in full.

201.   On or about January 5, 2023, BIHQ generated and delivered an invoice to Alo for a fabric surcharge ("Invoice #179"). As agreed by the parties, payment was due 45 days from the date of Invoice #179. Pursuant to Invoice #179, Alo owed BIHQ $8,998.92. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #179 is attached hereto as **Exhibit 179**, and incorporated herein as if set forth in full.

BIHQ'S COMPLAINT

202.   On or about January 5, 2023, BIHQ generated and delivered an invoice to Alo for a fabric surcharge ("Invoice #180") (collectively with Invoices #1-179, the "Invoices"). As agreed by the parties, payment was due 45 days from the date of Invoice #180. Pursuant to Invoice #180, Alo owed BIHQ $1,040.63. Despite demand, this amount remains due and owing. A true and correct copy of Invoice #180 is attached hereto as **Exhibit 180**, and incorporated herein as if set forth in full.

203.   As of February 10, 2023, Alo is indebted to BIHQ pursuant to the Invoices in the amount of $3,791,599.19 for the product ordered by Alo and delivered by BIHQ under the contracts. A summary of the Invoices and amounts owed are contained in BIHQ's most recent Statement of Account, dated February 9, 2023, which was sent to Alo on or about February 9, 2023. A true and correct copy of the February 9, 2023, Statement of Account is attached hereto as **Exhibit 181**, and incorporated herein as if set forth in full.

## FIRST CLAIM FOR RELIEF

(Breach of Contract Against Alo)

204.   BIHQ restates, realleges, and incorporates by reference the allegations made in paragraphs 1 through 203, above.

205.   The Invoices constitute valid and enforceable contracts between Alo, on the one hand, and BIHQ, on the other hand.

206.   BIHQ has performed, or attempted to perform, all material elements and conditions of the Invoices except for those acts that have been prevented, delayed, or excused by the acts or omissions of Alo. BIHQ has fulfilled the purchase orders represented in the Invoices and delivered the product that is the subject of the Invoices to Alo, and Alo has accepted the product.

207.   All conditions required for Alo to perform had occurred prior to Alo's breach.

///

BIHQ'S COMPLAINT

208.   Alo breached the Invoices by failing to pay all amounts due and owing, leaving a principal balance of $3,791,599.19, despite accepting the product sold and delivered by BIHQ.

209.   BIHQ was harmed by Alo's breach of the Invoices. This breach was a substantial factor in causing BIHQ's harm.

210.   As a direct and proximate result of Alo's material breach, BIHQ has been damaged in an amount subject to proof at trial, but in no event less than $3,791,599.19.

## SECOND CLAIM FOR RELIEF

(Account Stated Against Alo)

211.   BIHQ restates, realleges, and incorporates by reference the allegations made in paragraphs 1 through 210, above.

212.   An account was stated between BIHQ and Alo wherein it was agreed that Alo was indebted to BIHQ in the sum of $3,791,599.19, together with interest accruing thereon at the legal rate.

213.   Despite repeated demands, Alo has failed to pay any portion of the amount due and owing, and there is now due, owing and unpaid from Alo to BIHQ, the sum of $3,791,599.19, together with interest accruing thereon at the legal rate.

///

///

///

///

///

BIHQ'S COMPLAINT

# **PRAYER FOR RELIEF**

WHEREFORE, BIHQ prays for relief as follows:

1.      For damages according to proof at trial, but in no amount less than $3,791,599.19, with pre-judgment interest accruing at the legal rate;

2.      That the Court award BIHQ its costs in this suit, including attorneys' fees to the extent recoverable by contract or statute; and

3.      That the Court grant BIHQ such other and further relief as the Court deems just and proper.


Dated: February 24, 2023                    SNELL & WILMER L.L.P.


By:/s/ Anthony J. Carucci
    Anthony J. Carucci
    Justin F. Mello

Attorneys for Plaintiff
BIHQ Pte Ltd.

BIHQ'S COMPLAINT